LOTTINGER, Judge.
The State of Louisiana, Department of Public Safety (Department), appeals a judgment rendered against it by the City Court of Baton Rouge for a sum of money as a result of the Department being named garnishee in the instant proceeding.
The Department was served with garnishment interrogatories on November 22, 1982, and filed answers thereto, though not *819 under oath, on December 9, 1982. Using the information supplied by the answers to the interrogatories, plaintiff obtained a garnishment judgment dated December 17, 1982. Apparently the Department deducted amounts from the salary of the judgment debtor, Charlene B. Wiley, and forwarded these to the appropriate individual. Subsequently, on December 2, 1983, plaintiff filed a “motion and memorandum for Judgment Pro Confesso” alleging that the Department “failed to file answers in the proper form within the delay period or pri- or to the filing of this motion.” The Department filed the declinatory exception raising the objection of lack of jurisdiction over the subject matter and no jurisdiction over the person, arguing that district courts are vested with exclusive original jurisdiction when the “state” is a defendant.
The only assignment of error asserted by the state is that the trial court decided it had jurisdiction.
Plaintiff argues that the term “garnishee” is not synonymous with and does not mean the same as “defendant.”
Article V § 16(A) of the Louisiana Constitution provides that district courts shall have exclusive original jurisdiction in those cases where the state, a political corporation or political subdivision is a defendant.
We are of the opinion that the delegates to the 1973 Constitutional Convention did not intend the term “defendant” to be synonymous with and mean the same as the term “garnishee.”
In discussing garnishment and the interrelationship of the parties to such a proceeding, 38 C.J.S. Garnishment § 1 states that a garnishee is “the person in whose hands the property or effects of the principal defendant are attached.” And a defendant is defined as “the party whose property or effects in the hands of the third person, the garnishee, are sought to be reached, and not such third person or garnishee. The garnishee is not technically a ‘defendant,’ except in those jurisdictions where garnishment is considered to be a new action.”
A thorough review of the records of the 1973 Constitutional Convention does not indicate that the delegates intended the use of the term “defendant” to mean anything other than the traditional use and meaning of that term, and certainly not to mean “garnishee.”
Thus, we conclude that the trial judge was correct and affirm at appellant’s costs, in the amount of $143.00.
AFFIRMED.